COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIS BERNAL, | | No. 08-11-00251-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 409th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20100D04018) |
| | § | |

## MEMORANDUM OPINION

Luis Bernal appeals his conviction of aggravated assault. Finding that Appellant has no right of appeal, we dismiss the appeal.

Rule 25.2(d) of the Texas Rules of Appellate Procedure requires the trial court to certify the criminal defendant's right of appeal under Rule 25.2(a)(2). TEX.R.APP.P. 25.2(a)(2) and (d). Appellant filed a timely notice of appeal, including the trial court's certification as required by Rules 25.2(a)(2) and 25.2(d), but the certification reflects that the appeal "is a plea-bargain case, and the Defendant has NO right of appeal."

In a plea-bargain case, a defendant may appeal only those matters raised by written motion and ruled on before trial, or after getting the court's permission to appeal. TEX.R.APP.P. 25.2(a)(2). The record reflects that Appellant entered a negotiated guilty plea and the trial court followed the plea bargain. The Clerk's Office notified Appellant's counsel that the certification reflects that Appellant has no right of appeal in this case and requested a response addressing whether appellant has a right of appeal. The El Paso County Public Defender has filed a response confirming that the trial court followed the plea bargain, there are no pretrial rulings which could be appealed, and the

trial court has denied permission to appeal any other issues. Based on the trial court's certification

and the record before us, we dismiss the appeal.


November 2, 2011

              ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)
Chew, C.J. (Senior), not participating

(Do Not Publish)